

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 2, 1971

Honorable Bevington Reed
Commissioner, Coordinating Board
Texas College & University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. M-878

Re: Authority of Southwest
Texas Junior College
to issue promissory
note, secured by pledge
of bank stock, to build
faculty housing.

Dear Commissioner Reed:

In your recent letter you have set out the following facts and requested the opinion of this department on the indicated question.

"Southwest Texas Junior College proposes to borrow $100,000.00 from First State Bank of Uvalde for the purpose of constructing on-campus faculty housing, the debt to be evidenced by promissory note with payment secured by pledge of bank stocks owned by the College which were donated to the College by Honorable John N. Garner. There were no restrictions with the gift of such stocks. In view of the smallness of the loan, the procedure for issuance of Revenue Bonds authorized in Sec. 51.103 of the Texas Education Code is not practicable.

"Question: Does the Board of Trustees of Southwest Texas Junior College have the authority to execute such a promissory note payable over term of fifteen (15) years and secured by the collateral mentioned?"

We are of the opinion that the Board does not have the authority to issue the described note.

Section 51.102 of the Texas Education Code authorizes a junior college district to issue coupon bonds for certain construction purposes, the bonds to be backed by the levy and pledge

of annual ad valorem taxes. Section 51.103 of the Code authorizes a junior college district to issue revenue bonds for certain construction purposes, the bonds to be secured by liens on and pledges of certain rentals, rates, charges, fees, and other resources of the board.

Clearly the promissory note described in your inquiry does not fall within the form of the bonds authorized under the sections mentioned above.

Section 51.073, Texas Education Code, provides as follows:

> "The board of trustees of junior college districts shall be governed in the establishment, management and control of the junior college by the general law governing the establishment, management and control of independent school districts insofar as the general law is applicable."

We do not find any general law, applicable to a junior college district under Article 51.073, which authorizes the district to issue the described note. Section 20.43 of the Texas Education Code authorizes "any school district in the State of Texas" to issue time warrants to repair, renovate, purchase, equip, etc. school buildings. This statute applies to a junior college district under Article 51.073 quoted above, but it would not authorize the board to issue the proposed note for the following reasons:

1. The language of the statute does not encompass new or original construction of a building. (Section (a));

2. The notes (warrants are defined to include promissory notes under Section (h)) must mature serially over not more than five years (Section (a)); and

(3) The outstanding notes may not aggregate in excess of $25,000 at any one time (Section (c)).

The requirements for issuing interest bearing time warrants, or notes, under this article must be strictly followed. Attorney General's Opinion No. C-197 (1963).

Article 20.48(d) of the Texas Education Code authorizes all independent school districts having within their limits a city with a population of 160,000 or more to issue notes for the construction of school buildings, but includes provisions for vendor's lien or deed of trust and a trust fund set aside out of certain revenues. This would not cover the transaction inquired about, even if the district included a city of the required size.

Article 20.49 is not applicable because it provides for borrowing money for current maintenance expense only.

Finding no statute authorizing the board of the Southwest Texas Junior College district to execute the proposed note, and no general law under which authority might be found, we are of the opinion that the board is without authority to execute the note as described in your inquiry.

"In general, a school board has no power to contract an obligation against the district until funds are available." 51 Tex.Jur.2d, Schools, Section 204, page 532.

### S U M M A R Y

Neither statutory authority nor any general law authorizes the board of the Southwest Texas Junior College to issue the note of the district in the amount of $100,000, payable over a term of 15 years and secured by the pledge of bank stock belonging to the district.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Mel Corley
Ben Harrison
Richard Chote
Wardlow Lane
Hal Sharpley

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant